U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
SEP 2 2 2006
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WGP, LLC
BRASS EAGLE, LLC and
JT USA, LLC     PLAINTIFFS

v.     NO. CV- 06-5013

HYBRID TECHNOLOGIES, INC.     DEFENDANT

## AGREED FINAL JUDGMENT AND PERMANENT INJUNCTION

Pending before the Court is the Parties' Joint Motion for Entry of Agreed Final Judgment and Permanent Injunction in this matter. The Court having reviewed the matters properly before it hereby finds that the Motion should be granted and for purposes of this Agreed Final Judgment and Permanent Injunction ("this Judgment") finds as follows:

1. On January 18, 2006, Plaintiffs, WGP, LLC ("WGP"), Brass Eagle, LLC ("Brass Eagle") and JT USA, LLC ("JT") (collectively "Plaintiffs"), filed their Complaint against Defendant Hybrid Technologies, Inc. ("Hybrid" or "Defendant"). The Complaint includes claims for patent infringement, federal trade dress and trademark infringement, trade dress dilution, and other state law claims.

2. The Court has personal and subject matter jurisdiction over the parties and this case.

3. In accordance with the terms of this Judgment, the Plaintiffs and Defendant have agreed to resolve any and all claims in connection with this matter as provided in a Consent Judgment Agreement dated August 9, 2006 (hereinafter the "Consent Agreement). A copy of the Consent Agreement is attached hereto as Exhibit "A." For purposes of this Judgment, the Court

shall refer to the plaintiff's intellectual property identified in paragraph 2.2 of the Consent Agreement as the "patents-in-suit" and "trademarks-in-suit."

4. Hybrid concedes and admits the validity of the patents-in-suit and trademarks-in-suit and admits it has infringed the patents-in-suit and trademarks-in-suit. The Court accepts such concessions and admissions with respect to the parties to this litigation.

5. Hybrid admits proper service of the Complaint; waives the entry of formal findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure; and waives its right to appeal the entry of this Agreed Final Judgment and Permanent Injunction.

6. This Court shall retain jurisdiction over the enforcement of this Judgment and the plaintiffs shall have available all post-trial collection and enforcement remedies available pursuant to federal law.

8. Except as otherwise provided herein or in the Consent Agreement, the parties shall bear their own costs and attorney's fees incurred in this action.

IT IS THEREFORE ORDERED that Hybrid Technologies, Inc's products referred to as "Quest Numattix," "Rival Numattix," and "Hedlok," have infringed the plaintiffs' trademarks-in-suit and patents-in-suit, and it hereby is PERMANENTLY ENJOINED from making, using, selling, advertising, offering to sell, or importing their products and equipment previously and currently referred to as the "Quest Numattix," "Rival Numattix," "Hedlok," and/or any substantially identical products or colorable imitations thereof being marketed under any other names.

IT IS FURTHER ODERED that Hybrid Technologies, Inc. shall be, and it hereby is, ENJOINED from making, using, selling, advertising, offering to sell, or importing any paintball markers or products having or utilizing the trademarks-in-suit identified in Section 2.2 of the Consent Judgment Agreement attached hereto as Exhibit "A," said injunction being effective for the

duration of each trademark-in-suit.

IT IS FURTHER ORDERED that Hybrid Technologies, Inc. shall be, and it hereby is, ENJOINED from making, using, selling, advertising, offering to sell, or importing any paintball markers or products having or utilizing United State Patent No. 6,705,036 and/or United States Patent No. 6,591, 824, said injunction being effective for the duration of each patent.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction of this action, including the implementation and enforcement of this Judgment.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this FINAL JUDGMENT shall resolve all disputes pending in this action and that this case is hereby DISMISSED IN ITS ENTIRETY.

IT IS SO ORDERED this 22nd day of September, 2006.

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

SEP 2 2 2006

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

/s/ Jimm Larry Hendren
UNITED STATES DISTRICT JUDGE

Approved as to Form and Content:

WGP, LLC; BRASS EAGLE, LLC; and JT USA, LLC
Plaintiffs


By: __/s/ John M. Scott_____
       John M. Scott, #97202
       Trent C. Keisling, #93226
       S. Christian Gunn, #2003223
       Keisling Pieper & Scott, PLC
       One E. Center Street, Suite 217
       Fayetteville, AR 72701
       (479) 251-0800



HYBRID TECHNOLOGIES, INC.
Defendant


By:___/s/ D. Westbrook Doss_____
       D. Westbrook Doss, Jr.
       JONES, JONES & DOSS, P.L.C.
       112 S. East Avenue
       Fayetteville, AR 72701
       (479) 443-4313